**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ann Charles, | No. CV-22-01514-PHX-SMB |
|        Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
|        Defendant. | |

At issue is the denial of Ann Charles' Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 14), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 15), to which Plaintiff replied, (Doc. 17). After reviewing the parties' briefs, the Administrative Record, (Doc. 9), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 11-3 at 14–28), the Court will vacate the ALJ's decisions and remand for further proceedings.

## I.    BACKGROUND

Plaintiff protectively filed an Application for SSDI benefits on March 5, 2020, alleging disability beginning the same day. (Doc. 11-3 at 14.) Plaintiff's claim was initially denied on November 9, 2020. (*Id.*) After reconsideration, Plaintiff's claim was again denied on August 26, 2021. (*Id.*) ALJ Paul Isherwood held a hearing on January 19, 2022. (*Id.*) After considering the medical evidence and opinions, the ALJ determined that

Plaintiff suffered from severe impairments including depressive disorder, post-traumatic stress disorder ("PTSD"), and schizoaffective bipolar type and borderline personality disorder. (*Id.* at 16–17.) However, the ALJ concluded that despite these impairments, Plaintiff had residual functional capacity ("RFC") to perform a full range of work at all exertional levels with a few non-exertional limitations. (*Id.* at 21.) Considering this, the ALJ concluded that Plaintiff is not disabled under section 1614(a)(3)(A) of the Act. (*Id.* at 28.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed. (Doc. 11-3 at 2–4.)

## II.    LEGAL STANDARD

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (cleaned up). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The district court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

## III.    DISCUSSION

This appeal presents a unique procedural posture. Prior to the briefing contesting the ALJ's decision, the Commissioner filed a Motion to Remand this case back to the ALJ. (Doc. 12.) In this Motion, the Commissioner noted that the ALJ relied on another

individual's medical records when evaluating Plaintiff's physical impairments, did not properly evaluate the medical opinion evidence, and did not explain how he considered the supportability factor when evaluating the medical opinion evidence. (*Id.* at 4.) Due to this, the Commissioner contends that this case should be remanded so that the SSA, as the factfinder, can reach an accurate disability determination. (*Id.* at 2.) Plaintiff agrees that the case should be remanded, but that this Court should order an award of benefits instead of further proceedings. (Doc. 14 at 24–26.)

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when a court reverses an ALJ's decision, it remands "to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, when "it is clear from the record that the claimant is unable to perform gainful employment in the national economy . . . remand for an immediate award of benefits is appropriate." *Id.* Under the Ninth Circuit's credit-as-true rule, courts may credit as true improperly rejected medical opinions or claimant testimony and remand for an award of benefits if each of the following conditions is satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'n of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008)). If the "credit-as-true rule" is satisfied, the court may remand for further proceedings instead of for an award of benefits, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, the Commissioner concedes that the ALJ erred in evaluating the medical opinion evidence. (Doc. 12 at 6–8.) Upon reviewing the record, the Court agrees. First, the Commissioner notes that the administrative record reviewed by the ALJ contained

medical evidence from an individual other than the Plaintiff.  (Doc. 12 at 6.)  Although this exhibit was removed from the administrative record before the Court, the ALJ discussed said exhibit in his decision.  (Doc. 11-3 at 17.)  This alone provides grounds for remand, as further administrative proceedings with consideration of the proper evidence would serve a useful purpose.  *See Garrison*, 528 F.3d at 1202.  The Commissioner also concedes that the ALJ erred in evaluating medical opinion evidence.  The Court agrees that the ALJ did not properly expound upon Dr. Susansilppongse's medical limitation opinions, improperly discounted Dr. Khong's prior administrative medical findings, and did not sufficiently evaluate the supportability of prior administrative medical findings or opinions from several other medical providers.

These errors fall within the second prong of the credit-as-true rule.  *See id.*  However, to award benefits, all three prongs must be satisfied.  *Id.*  Here, they are not.  Further proceedings will serve a useful purpose in this matter.  Additionally, given this posture, it is not clear whether crediting the discredited evidence as true would require a finding of disability by the ALJ.  Rather, the ALJ must update the record, reassess the proper medical evidence, and re-evaluate the severity of Plaintiff's impairments and the Plaintiff's RFC.

Plaintiff also argues that she should be presumed disabled under medical listings 12.03(c), 12.04(c), or 12.05(c).  (Doc. 14 at 24–26.)  However, an ALJ must complete a finding of this nature—the Court cannot act as a factfinder in these appeals.  *See* 42 U.S.C. § 405(b)(1).  Further, it remains the ALJ's responsibility to resolve any evidentiary conflicts.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008).  And an ALJ's errors do not immediately entitle a claimant to benefits "no matter how egregious the ALJ's errors may be."  *Strauss v. Comm'n of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).  In short, the Court agrees that this decision must be remanded for further consideration.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).  Accordingly, the Court will not remand for an award of benefits, but will remand for further proceedings.

**IV.     CONCLUSION**

Accordingly,

**IT IS ORDERED** that the ALJ's decision is vacated, and this matter is remanded for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 23rd day of February, 2024.

Honorable Susan M. Brnovich
United States District Judge